(Slip Opinion) OCTOBER TERM, 2006 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## EC TERM OF YEARS TRUST *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 05–1541.   Argued February 26, 2007—Decided April 30, 2007

Under 26 U. S. C. §7426(a)(1), if the Internal Revenue Service (IRS) levies upon a third party's property to collect taxes owed by another, the third party may bring a wrongful levy action against the United States, so long as such action is brought before "the expiration of 9 months from the date of the levy," §6532(c)(1).   In contrast, the limitations period for a tax refund action under 28 U. S. C. §1346(a)(1) begins with an administrative claim that may be filed within at least two years, and may be brought to court within another two years after an administrative denial.   The IRS levied on a bank account in which petitioner (Trust) had deposited funds because the IRS assumed that the Trust's creators had transferred assets to the Trust to evade taxes.   The bank responded with a check to the Treasury.   Almost a year later, the Trust and others brought a §7426(a)(1) action claiming wrongful levies, but the District Court dismissed the complaint because it was filed after the 9-month limitations period had expired.   After unsuccessfully pursing a tax refund at the administrative level, the Trust filed a refund action under §1346(a)(1).   The District Court held that a wrongful levy claim under §7426(a)(1) was the sole remedy possible and dismissed, and the Fifth Circuit affirmed.

*Held:* The Trust missed §7426(a)(1)'s deadline for challenging a levy, and may not bring the challenge as a tax refund claim under §1346(a)(1).   Section 7426(a)(1) provides the exclusive remedy for third-party wrongful levy claims.   "[A] precisely drawn, detailed statute pre-empts more general remedies," *Brown* v. *GSA*, 425 U. S. 820, 834, and it braces the preemption claim when resort to a general remedy would effectively extend the limitations period for the specific one, see *id.*, at 833.   If third parties could avail themselves of §1346(a)(1)'s general tax refund jurisdiction, they could effortlessly

Syllabus

evade §7426(a)(1)'s much shorter limitations period. The Trust argues that, because *United States* v. *Williams*, 514 U. S. 527, construed §1346(a)(1)'s general jurisdictional grant expansively enough to cover third parties' wrongful levy claims, treating §7426(a)(1) as the exclusive avenue for these claims would amount to a disfavored holding that §7426(a)(1) implicitly repealed §1346(a)(1)'s pre-existing jurisdictional grant. But this reads *Williams* too broadly. *Williams* involved a lien and was decided on the specific understanding that no other remedy was open to the plaintiff. Here, the Trust challenges a levy and could have made a timely claim under §7426(a)(1). Even if the presumption against implied repeals applied here, §7426(a)(1)'s 9-month limitations period cannot be reconciled with the notion that the same challenge would be open under §1346(a)(1) for up to four years. Nor can the two statutory schemes be harmonized by construing §7426(a)(1)'s filing deadline to cover only those actions seeking predeprivation remedies unavailable under §1346(a)(1). On its face, §7426(a)(1) applies to predeprivation and postdeprivation claims alike. Pp. 4–7.

434 F. 3d 807, affirmed.

SOUTER, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———————

No. 05–1541

———————

## EC TERM OF YEARS TRUST, PETITIONER *v.* UNITED STATES

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[April 30, 2007]

JUSTICE SOUTER delivered the opinion of the Court.

This is a challenge to the Internal Revenue Service's levy upon the property of a trust, to collect taxes owed by another, an action specifically authorized by 26 U. S. C. §7426(a)(1), but subject to a statutory filing deadline the trust missed. The question is whether the trust may still challenge the levy through an action for tax refund under 28 U. S. C. §1346(a)(1). We hold that it may not.

I

The Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U. S. C. §6321. "A federal tax lien, however, is not self-executing," and the IRS must take "[a]ffirmative action . . . to enforce collection of the unpaid taxes." *United States* v. *National Bank of Commerce*, 472 U. S. 713, 720 (1985). One of its "principal tools," *ibid.*, is a levy, which is a "legally sanctioned seizure and sale of property," Black's Law Dictionary 926 (8th ed. 2004); see also §6331(b) ("The

term 'levy' as used in this title includes the power of distraint and seizure by any means").

To protect against a "'wrongful'" imposition upon "property which is not the taxpayer's," S. Rep. No. 1708, 89th Cong., 2d Sess., 30 (1966), the Federal Tax Lien Act of 1966 added §7426(a)(1), providing that "[i]f a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court." 80 Stat. 1143. The action must, however, be brought before "the expiration of 9 months from the date of the levy."[1] §6532(c)(1). This short limitations period contrasts with its counterpart in a tax refund action under 28 U. S. C. §1346(a)(1), which begins with an administrative claim that may be filed within at least two years, and may be brought to court within another two after an administrative denial.[2] The demand for greater haste when a third party contests a levy is no accident; as the Government explained in the hearings before passage of the Act, "[s]ince after seizure of property for nonpayment of taxes [an IRS] district director is likely to suspend further

–––––––––

[1] This period can be extended for up to 12 months if the third party makes an administrative request for the return of the property wrongfully levied upon. See 26 U. S. C. §6532(c)(2).

[2] Title 28 U. S. C. §1346(a)(1) gives district courts "jurisdiction, concurrent with the United States Court of Federal Claims," over "[a]ny civil action against the United States for the recovery of," among other things, "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." A taxpayer may bring such an action within two years after the IRS disallows the taxpayer's administrative refund claim. See 26 U. S. C. §§6532(a)(1)–(2); see also §7422(a) (requiring a taxpayer to file the administrative claim before seeking a refund in court). An administrative refund claim must, in turn, be filed within two years from the date the tax was paid or three years from the time the tax return was filed, whichever is later. See §6511(a).

collection activities against the taxpayer, it is essential that he be advised promptly if he has seized property which does not belong to the taxpayer." Hearings on H. R. 11256 and H. R. 11290 before the House Committee on Ways and Means, 89th Cong., 2d Sess., 57–58 (1966) (written statement of Stanley S. Surrey, Assistant Secretary of the Treasury); see also *id.,* at 72 (statement of Laurens Williams, Chairman, Special Committee on Federal Liens, American Bar Association) ("A short (9 month) statute of limitations is provided, because it is important to get such controversies decided quickly so the Government may pursue the taxpayer's own property if it made a mistake the first time").

## II

After Elmer W. Cullers, Jr., and Dorothy Cullers established the EC Term of Years Trust in 1991, the IRS assessed federal tax liabilities against them for what the Government claimed (and the Trust does not dispute, see Tr. of Oral Arg. 7) were unwarranted income tax deductions in the 1980s. The Government assumed that the Cullerses had transferred assets to the Trust to evade taxes, and so filed a tax lien against the Trust in August 1999. The Trust denied any obligation, but for the sake of preventing disruptive collection efforts by the IRS, it deposited funds in a bank account, against which the IRS issued a notice of levy to the bank in September 1999. In October, the bank responded with a check for over $3 million to the United States Treasury.

Almost a year after that, the Trust (joined by several other trusts created by the Cullerses) brought a civil action under 26 U. S. C. §7426(a)(1) claiming wrongful levies, but the District Court dismissed it because the complaint was filed after the 9-month limitations period had expired, see §6532(c)(1). The court also noted that tax-refund claims under 28 U. S. C. §1346(a)(1) were not open

to the plaintiff trusts because §7426 "'affords the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability.'" *BSC Term of Years Trust* v. *United States*, 2001–1 USTC ¶50,174, p. 87,237, n. 1, 87 AFTR 2d ¶2001–390, p. 2001–547, n. 1 (WD Tex., 2000) (quoting *Texas Comm. Bank Fort Worth, N. A.* v. *United States*, 896 F. 2d 152, 156 (CA5 1990); emphasis deleted). At first the Trust sought review by the Court of Appeals for the Fifth Circuit, but then voluntarily dismissed its appeal. *BSC Term of Years Trust* v. *United States*, 87 AFTR 2d ¶2001–1039, p. 2001–2532 (2001).

After unsuccessfully pursuing a tax refund at the administrative level, the Trust filed a second action, this one for a refund under §1346(a)(1). The District Court remained of the view that a claim for a wrongful levy under §7426(a)(1) had been the sole remedy possible and dismissed.[3] The Court of Appeals for the Fifth Circuit affirmed.

Because the Ninth Circuit, on the contrary, has held that §7426(a)(1) is not the exclusive remedy for third parties challenging a levy, see *WWSM Investors* v. *United States*, 64 F. 3d 456 (1995), we granted certiorari to resolve the conflict, 549 U. S ___ (2006). We affirm.

### III

"In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies." *Brown* v. *GSA*, 425 U. S. 820, 834 (1976); see *Block* v. *North Dakota ex rel. Board of Univ. and School Lands*, 461 U. S. 273, 284–286 (1983) (adverse claimants to real property of the United States may not rely on "officer's suits" or on other general remedies because the

———————

[3] The District Court declined to dismiss the Trust's claim on res judicata grounds, and the Government does not argue claim or issue preclusion in this Court, see Brief for United States 5, n. 2.

Quiet Title Act of 1972 is their exclusive recourse); see also *Stonite Products Co.* v. *Melvin Lloyd Co.*, 315 U. S. 561 (1942) (venue in patent infringement cases is governed by a statute dealing specifically with patents, not a general venue provision). It braces the preemption claim when resort to a general remedy would effectively extend the limitations period for the specific one. See *Brown* v. *GSA*, *supra*, at 833 (rejecting an interpretation that would "driv[e] out of currency" a narrowly aimed provision "with its rigorous . . . time limitations" by permitting "access to the courts under other, less demanding statutes"); see also *Rancho Palos Verdes* v. *Abrams*, 544 U. S. 113, 122–123 (2005) (concluding that 47 U. S. C. §332(c) precludes resort to the general cause of action under 42 U. S. C. §1983, in part because §332 "limits relief in ways that §1983 does not" by requiring judicial review to be sought within 30 days); 544 U. S., at 130, n. (STEVENS, J., concurring in judgment) (same).

Resisting the force of the better-fitted statute requires a good countervailing reason, and none appears here. Congress specifically tailored §7426(a)(1) to third party claims of wrongful levy, and if third parties could avail themselves of the general tax refund jurisdiction of §1346(a)(1), they could effortlessly evade the levy statute's 9-month limitations period thought essential to the Government's tax collection.

The Trust argues that in *United States* v. *Williams*, 514 U. S. 527 (1995), we construed the general jurisdictional grant of §1346(a)(1) expansively enough to cover third parties' wrongful levy claims. So, according to the Trust, treating §7426(a)(1) as the exclusive avenue for these claims would amount to a disfavored holding that §7426(a)(1) implicitly repealed the pre-existing jurisdictional grant of §1346(a)(1). See *Radzanower* v. *Touche Ross & Co.*, 426 U. S. 148 (1976); *Morton* v. *Mancari*, 417 U. S. 535 (1974).

But the Trust reads *Williams* too broadly. Although we decided that §1346(a)(1) authorizes a tax-refund claim by a third party whose property was subjected to an allegedly wrongful tax lien, we so held on the specific understanding that no other remedy, not even a timely claim under §7426(a)(1), was open to the plaintiff in that case. See *Williams*, *supra*, at 536–538. Here, on the contrary, the Trust challenges a levy, not a lien, and could have made a timely claim under §7426(a)(1) for the relief it now seeks under §1346(a)(1).[4]

And even if the canon against implied repeals applied here, the Trust still could not prevail. We simply cannot reconcile the 9-month limitations period for a wrongful levy claim under §7426(a)(1) with the notion that the same challenge would be open under §1346(a)(1) for up to four years. See *Posadas* v. *National City Bank*, 296 U. S. 497,

―――――――――――

[4] It has been commonly understood that *Williams* did not extend §1346(a)(1) to parties in the Trust's position. See 434 F. 3d 807, 810 (CA5 2006) (case below) ("To construe *Williams* to allow an alternative remedy under §1346, with its longer statute of limitations period, would undermine the surety provided by the clear avenue to recovery under §7426" (citation omitted)); *Dahn* v. *United States*, 127 F. 3d 1249, 1253 (CA10 1997) ("[T]here were no tax levies involved in *[Williams]*. Thus, the Court was concerned solely with the reach of §1346 per se; the exclusivity of a concurrent §7426 claim was never in issue. Indeed, the Court specifically emphasized the inapplicability of §7426 (or any other meaningful remedy) to reinforce its broad reading of §1346"); *WWSM Investors* v. *United States*, 64 F. 3d 456, 459 (CA9 1995) (Brunetti, J., dissenting) ("The Supreme Court recognized *Williams* as a refund, not a wrongful levy, case, and [did not] even hint that §7426 was not the exclusive remedy for a claimed *wrongful levy*"); Rev. Rul. 2005–49, 2005–2 Cum. Bull. 126 ("The rationale in *Williams* is inapplicable to wrongful levy suits because Congress created an exclusive remedy under section 7426 for third persons claiming an interest in property levied upon by the [IRS]"); but see *WWSM Investors*, *supra*, at 459 (majority opinion) ("[S]eizing money from WWSM's bank account is functionally equivalent to what the IRS did in *Williams*—placing a lien on property in escrow under circumstances which compelled Mrs. Williams to pay the IRS and discharge the lien").

503 (1936) ("[W]here provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one"). On this point, the Trust proposes that the two statutory schemes can be "harmonized" by construing the deadline for filing §7426(a)(1) claims to cover only those actions seeking "pre-deprivation" remedies unavailable under §1346(a)(1). See Reply Brief for Petitioner 6. But this reading would violate the clear text of §7426(a)(1), which on its face applies to pre-deprivation and post-deprivation claims alike. See 26 U. S. C. §7426(a)(1) ("Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary").

\*     \*     \*

The Trust missed the deadline for challenging a levy under §7426(a)(1), and may not bring the challenge as a tax refund claim under §1346(a)(1). The judgment of the Court of Appeals is accordingly affirmed.

*It is so ordered.*