Marek BORKOWSKI, Rufus Alfred Ayers, and Steven Wood, Plaintiffs,

v.

F/V MADISON KATE and F/V Holdings, Inc. d/b/a Sea Ventures, LLC, Defendants.

Civil Action No. 07–10907–JLT.

United States District Court, D. Massachusetts.

Feb. 6, 2009.

John J. Bromley, David B. Kaplan, Brian Keane, The Kaplan/Bond Group, Boston, MA, for Plaintiffs.

Rachelle R. Green, Duffy Sweeney & Scott, Ltd., Providence, RI, for Defendants.

*MEMORANDUM*

TAURO, District Judge.

I. *Introduction*

Plaintiffs Marek Borkowski, Rufus Alfred Ayers, and Steven Wood bring this maritime action against Defendants F/V Madison Kate and F/V Holdings, Inc. d/b/a Sea Ventures, LLC ("Sea Ventures"). Plaintiffs claim that they were underpaid pursuant to an unwritten fishing agreement, and seek their owed wages and tre-

ble damages. Each Plaintiff asserts claims for (1) violation of 46 U.S.C. § 10601; (2) violation of 46 U.S.C. § 11107; (3) punitive damages under the general maritime law; and (4) failure to pay wages under chapter 149, sections 148 and 150 of the Massachusetts General Laws. Following a Bench Trial held on January 27, 2009, this court holds that only Mr. Ayers is entitled to relief, in the amount of $557.87.[1]

## II.  *Background*

Plaintiffs Borkowski, Ayers, and Wood are fishermen. In March 2006, Plaintiffs embarked from Stonington, Connecticut on a fishing voyage ("March voyage") aboard the F/V Madison Kate. For the duration of the March voyage, Plaintiffs were in the employ of Sea Ventures. Both Parties agree that any fishing agreements that Plaintiffs entered into with Sea Ventures prior to embarking on the March voyage were unwritten.

Upon returning from the ten-day fishing voyage on March 15 or 16, 2006, Sea Ventures compensated Plaintiffs for their work according to the "lay share system." Under this system, each fisherman received a share of the net profits from the March voyage. In this case, Sea Ventures paid Mr. Wood $1,829.48 and Mr. Borkowski $1,984.48, each according to one full share of the net profits. Sea Ventures paid Mr. Ayers $1,420.61, according to 3/4 of one full share of the net profits.

Plaintiffs brought this action on May 14, 2007 to recover damages resulting from Sea Ventures' failure to provide a written fishing agreement. On January 27, 2009, this court held a Bench Trial to determine the damages owed Plaintiffs. Following Parties' opening statements, both Parties agreed to waive any further evidentiary presentation.[2] Accordingly, the stipulated-to Trial Record consists of Parties' Pretrial Memoranda, the Bench Trial Transcript, and Parties' Trial Exhibits.[3]

## III.  *Discussion*

Sea Ventures concedes Plaintiffs' only allegation of wrongdoing—that it violated its duty under the Commercial Fishing Industry Vessel Safety Act of 1988 ("Safety Act")[4] to provide Plaintiffs with written fishing agreements prior to the March voyage. Resolution of this dispute, therefore, boils down to two issues: (1) the amount of damages owed Plaintiffs under the federal maritime law; and (2) whether Plaintiffs are entitled to treble damages under the Massachusetts Wage Act ("Wage Act").

### A.  *Federal Maritime Law*

Prior to Congress's passage of the Safety Act, American fishermen rarely signed written fishing agreements, often entering into informal, oral employment arrangements.[5] The Safety Act sought to change this practice by requiring that, "[b]efore proceeding on a voyage," the operator of a fishing vessel "shall make a fishing agreement in writing with each seaman employed on board."[6] A companion statute

---

1.  On January 24, 2009, Plaintiffs filed a *Motion in Limine to Exclude Any Expert Witnesses Called by the Defendant.* Because Defendants did not call any expert witnesses at the Bench Trial, this Motion is DENIED AS MOOT.

2.  *See* Trial Tr. 38–41, Jan. 27, 2009.

3.  *See id.*

4.  Pub.L. No. 100–424, 102 Stat. 1585 (codified in scattered sections of 46 U.S.C.).

5.  *See TCW Special Credits v. Chloe Z Fishing Co.,* 129 F.3d 1330, 1333 (9th Cir.1997).

6.  46 U.S.C.A. § 10601 (West 2009). Parties do not contest that the F/V/ Madison Kate weighed at least "20 gross tons" and was "on

to § 10601's written agreement require-ment is § 11107, which provides in full that:

> An engagement of a seaman contrary to a law of the United States is void. A seaman so engaged may leave the ser-vice of the vessel at any time and is entitled to recover the highest rate of wages at the port from which the sea-man was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher.[7]

■ Given that Plaintiffs deny having agreed to a rate of pay before departing on the March voyage, they would thus be entitled to the "highest rate of wages at the port" of hire. Plaintiffs, as experi-enced fishermen, may have had good rea-son to expect higher wages from the March voyage. But Plaintiffs' counsel has failed to provide this court with evidence of the fishing wages at the Stonington port during the relevant time period.[8] As a result, this court is left with the settlement sheets from the March voyage as the sole evidence of the highest rate of wages at the Stonington port.[9] Both Parties agree that, under § 11107, only Mr. Ayers would be entitled to additional compensation.[10] Mr. Ayers, who received 3/4 of one full share of the net profits, is entitled to an additional $557.87 to bring his total com-pensation up to one full share.

Where Plaintiffs diverge from Defen-dants is in asking this court to provide an additional remedy under § 10601. Search-ing for a remedy under § 10601, however, would amount to a fruitless fishing expedi-tion. Section 11107 explicitly provides for the remedy available to seamen engaged "contrary to a law of the United States."[11] One such law is § 10601, which requires fishing agreements to be in writing. Sim-ply put, § 10601 is a liability statute, and § 11107 is its companion remedy statute. Though a court may examine congressional intent to determine whether a federal stat-ute creates a private remedy, § 11107 al-ready "expressly provide[s] for a particu-lar private right of action."[12] The U.S. Supreme Court has set out the "well-es-tablished principle that, in most contexts, 'a precisely drawn, detailed statute pre-empts more general remedies.'"[13] Given the "precisely drawn" remedy already available under § 11107, this court declines Plaintiffs' "novel" invitation to invent an otherwise nonexistent remedy under § 10601.

The case law specifically examining §§ 10601 and 11107 supports this ap-proach. The Ninth Circuit has held that "a wronged seaman is entitled to recover the higher of either the wages he orally agreed to, or the highest rate of wages that could be earned by a seaman at the port of hire *who has the same rating* as the complainant."[14] The First Circuit has

---

> a voyage from a port in the United States," as § 10601 requires.

7. *Id.* § 11107.

8. *See* Trial Tr. 22.

9. *See* Defs.' Trial Ex. A.

10. *See* Trial Tr. 17.

11. § 11107.

12. *Nw. Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 90–91, 101 S.Ct. 1571, 67

L.Ed.2d 750 (1981) (setting forth the factors relevant to "determining whether a federal statute that does not expressly provide for a particular private right of action nonetheless implicitly created that right").

13. *Hinck v. United States*, 550 U.S. 501, 127 S.Ct. 2011, 2015, 167 L.Ed.2d 888 (2007) (quoting *EC Term of Years Trust v. United States*, 550 U.S. 429, 127 S.Ct. 1763, 1767, 167 L.Ed.2d 729 (2007)).

14. *TCW Special Credits*, 129 F.3d at 1333.

added that "where the fishermen have already received a lay share portion of the proceeds from the fishing voyages they participated in, there does not appear to be any other real remedy for the vessel owners' failure to comply with § 10601, absent § 11107." [15] Consistent with the First Circuit's decision in *Doyle II* and case law from other jurisdictions, this court holds that Plaintiffs' remedy resides in § 11107, not § 10601.

## B. *Massachusetts Wage Act*

■ Defendants ask this court not to reach Plaintiffs' claim for treble damages under the Wage Act on the grounds that (1) federal maritime law preempts Plaintiffs' Wage Act claim, and (2) Connecticut, rather than Massachusetts, provides the applicable substantive law in this case. Without reaching Defendants' preemption and choice of law arguments, this court holds that, even if the Wage Act were to apply in this case, Plaintiffs have not established a violation thereunder.

The Wage Act requires, in relevant part, that an employer pay each employee "the wages earned by him." [16] Here, Plaintiffs do not claim that Sea Ventures failed to pay Plaintiffs pursuant to whatever unwritten fishing agreements Plaintiffs had entered into with Sea Ventures before departing on the March voyage. Rather, Plaintiffs' cause of action is rooted in Sea Ventures' failure to provide those agreements in writing. If the fishing agreements had been in writing, those agreements would have been controlling in this case, and not even Mr. Ayers would have been entitled to additional compensation. No provision in the Wage Act penalizes an employer who pays its employees pursuant to informal fishing agreements but violates federal maritime law by not having those agreements in writing.

## IV. *Conclusion*

For the foregoing reasons, this court holds that, under the federal maritime law, only Mr. Ayers is entitled to relief, in the amount of $557.87. None of the Plaintiffs may recover treble damages under the Wage Act.

AN ORDER HAS ISSUED.

### *ORDER OF JUDGMENT*

For the reasons set forth in the accompanying Memorandum, this court hereby orders that:

1. Plaintiffs' *Motion in Limine to Exclude Any Expert Witnesses Called by the Defendant* [# 31] is DENIED AS MOOT.

2. Under the federal maritime law, only Mr. Ayers is entitled to relief, in the amount of $557.87.

3. None of the Plaintiffs may recover treble damages under the Massachusetts Wage Act.

IT IS SO ORDERED.

---

15. *Doyle v. Huntress, Inc. (Doyle II)*, 419 F.3d 3, 14 (1st Cir.2005).

16. Mass. Gen. Laws Ann. ch. 149, § 148 (West 2009).