

**NOT FOR PUBLICATION**

OCT 8 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL CORNEJO, | No. 13-17527 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-02530-HRL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Rafael Cornejo appeals pro se from the district court's judgment dismissing

his action alleging federal claims in connection with the government's allegedly

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

erroneous collection of interest on taxes owed for tax years 1979 to 1982. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pride v. Correa*, 719

F.3d 1130, 1133 (9th Cir. 2013). We may affirm on any basis supported by the

record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.

2008), and we affirm.

The district court properly dismissed Cornejo's action because Cornejo

failed to file a timely refund claim under 26 U.S.C. § 7422. *See EC Term of Years

Trust v. United States*, 550 U.S. 429, 431 n.2 (2007) (a taxpayer may bring an

action for recovery of an erroneous or illegal collection of taxes within two years

after the IRS disallows the taxpayer's administrative refund claim, and an

administrative refund claim must be filed within two years from the date the tax

was paid or three years from the time the tax return was filed, whichever is later);

*Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1049-50 (9th Cir. 2013) (equitable

tolling does not apply to the statute of limitations for filing tax refund claims).

Moreover, a claim under 26 U.S.C. § 7433 would have been time-barred

because Cornejo filed this action more than two years after he discovered the

elements of his claim. *See* 26 C.F.R. § 301.7433-1(g) (defining accrual as "when

the taxpayer has had a reasonable opportunity to discover all essential elements of

a possible cause of action"); 26 U.S.C. § 7433(d)(3) (statute of limitations is

"within 2 years after the date the right of action accrues").

We reject Cornejo's contention that the district court erred by not addressing the government's alleged due process violations or the doctrine of equitable tolling, and to the extent that the district court considered these arguments and allegations, it properly rejected them.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-17527