PATRICK E. HIGGINBOTHAM, Circuit Judge,
dissenting:
Kathryn Rothkamm claims that the IRS wrongfully levied a certificate of deposit issued solely in her name to satisfy tax liabilities of her husband. The Internal Revenue Code provides two different avenues to challenge a wrongful levy: (1) an administrative appeal; or (2) a lawsuit in federal court. By either avenue, the aggrieved party must act within nine months of the levy.[1] Rothkamm did not do so. I dissent from the majority’s newly minted tolling rule. While this creativity is driven by a desire to achieve fairness, it suffers *715 the vice common to such endeavors — it does the opposite by disrupting a carefully structured regime for the resolution of disputes between the IRS and property owners.
I.
The IRS has “broad authority” to levy a taxpayer’s property to satisfy unpaid tax liabilities.[2] Nevertheless, “[a] levy is wrongful if imposed upon property in which the taxpayer had no interest.”[3] A third party such as Rothkamm seeking to challenge a wrongful levy has two options: (1) she may file an administrative request for the return of the property with the IRS[4] or (2) she may file a civil suit against the United States in federal district court.[5] These options are not mutually exclusive; if the third party’s administrative request is denied, she may then file a civil suit— although an administrative request is not a prerequisite to filing suit in federal court. The period of limitation for filing a civil suit can be found at 26 U.S.C. § 6532(c). This provision provides:
(1) General rule. — Except as provided by paragraph (2), no suit or proceeding ... shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
(2) Period when claim is filed. — If a request is made for the return of property ..., the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.
Rothkamm filed an administrative request and, on its rejection, a civil suit. To recap the timeline of events:
• March 6, 2012: The IRS issues a Notice of Levy to a bank of its levy upon a bank account that Rothkamm says was her property.
• April 18, 2012: The bank remits the contents of the account to the IRS.
• April 30, 2012: Rothkamm files an application for assistance with the Taxpayer Advocate Service (“TAS”).
• October 11, 2012: TAS closes Roth-kamm’s case, advising that it is unable to provide assistance.
• May 15, 2013: Rothkamm files an administrative request with the IRS.
• July 1, 2013: The IRS denies Roth-kamm’s administrative request.
• September 6, 2013: Rothkamm sues the IRS in federal court.[6]
The key question in this case is whether Rothkamm’s administrative request was timely. Under § 6532(c)(2), Rothkamm’s civil action would be timely if filed within six months of the denial of a timely filed administrative request. But § 6532(c)(2) does not apply if an administrative request is untimely — and an administrative request is untimely if filed more than nine months after the levy.[7] Rothkamm’s administrative request was filed fourteen months after the levy. Relying on the terms of the *716 statutory scheme as this court has read it, the Government thus argues that her civil action is barred by § 6532(c)(1) because it was filed more than nine months after the levy. Rothkamm counters that 26 U.S.C. § 7811(d) tolled the period of limitation for filing an administrative request while her application for TAS assistance was pending. If this roughly five-and-a-half-month period is not counted, Rothkamm’s administrative request was filed within nine months of the levy and triggered § 6532(c)(2), which, in turn, means that her civil suit was timely.
II.
A.
The majority agrees with Rothkamm, bedding its holding in the perceived “plain” language of 26 U.S.C. § 7811. Two different subdivisions of § 7811 are relevant to this case: subdivision (b) and subdivision (d). These subdivisions provide:
(b) Terms of a Taxpayer Assistance Order. — The terms of a Taxpayer Assistance Order may require the Secretary within a specified time period—
(1) to release property of the taxpayer levied upon, or
(2) to cease any action, take any action as permitted by law, or refrain from taking any action, with respect to the taxpayer under [chapters relating to collection, bankruptcy and receiverships, or discovery of liability and enforcement of title].
(d) Suspension of running of period of limitation. — The running of any period of limitation with respect to any action described in subsection (b) shall be suspended for—
(1) the period beginning on the date of the taxpayer’s application under subsection (a) and ending on the date of the National Taxpayer Advocate’s decision with respect to such application, and
(2) any period specified by the National Taxpayer Advocate in a Taxpayer Assistance Order issued pursuant to such application.
In short, the majority holds that subsection (d) suspends the period of limitation for “any action described in subsection (b)” and subsection (b)(1) describes a wrongful levy action. That is, the period of limitation for filing an administrative request was tolled during the pendency of Roth-kamm’s application for a Taxpayer Assistance Order (“TAO”), and she can rely on § 6532(c)(2).
Appealing in its simplicity, this plain language argument does not survive closer scrutiny for it steps past critical language. Subsection (d) provides that an application for a TAO suspends the running of the period of limitation for “actionfs] described in subsection (b).”[8] . We should not assume that Congress’s use of the word “action” was accidental. To the contrary, “[a] normal rule of statutory interpretation is that when Congress uses the same word in different parts of a statute, it intended each to carry the same meaning.” [9] In this ease, this rule dictates that “action” has the same meaning in subsection (b) that it does in subsection (d). That is, subdivision (d) suspends the period of limitation only for the suits and proceedings in subdivision (b) that Congress described using the word “action.” Since Congress did not use the word “action” in subsection (b)(1), § 7811(d) did not toll the period of limitation for Roth- *717 kamm’s wrongful levy claim — and her suit is untimely. The majority counters that this reading of § 7811 ignores that subsection (d) refers to all “action[s]” in subsection (b), not just those in subsection (b)(2). But this argument fails on its own terms; I contend only that subsection (b)(1) does not describe an “action,” not that subsection (d) does not apply to, or embrace, subsection (b)(1). If Congress had intended to suspend the period of limitation for all suits or proceedings described in subsection (b), it could have used either of those words — but it chose not to do so.
If the language of § 7811 is not clear enough, the larger context and purpose of subdivision (d) eliminate any residual doubt that this is the proper interpretation.[10] Although it may seem inequitable that subsection (d) only suspends the period of limitations for actions brought by the IRS, this was a sensible choice given that TAS — the agency that issues TAOs — lacks the power to direct taxpayers to do anything. As a result, nothing prevents a taxpayer from pursuing other remedies while seeking a TAO. In fact, a TAO “is intended to supplement existing procedures if a taxpayer is about to suffer or is suffering a significant hardship,” not “to. be a substitute for an established administrative or judicial review procedure.”[11] TAS can, however, issue a TAO that bars the IRS from pursuing certain actions against a taxpayer.[12] Subdivision (d) responds to the reality that a taxpayer can use a TAO to tie the enforcement arms of the IRS with a symmetry achieving result — limitation does not run against the Government while the TAO blocks access to enforcement.
The legislative history of § 7811 supports this view of subdivision (d). In the Conference Report adopting § 7811, the conferees provided only one example of the type of statute of limitation that would be suspended by subdivision (d): “the statute of limitation under sec. 6501 relating to the assessment or collection of tax.”[13] The limited case law interpreting § 7811 has similarly implied that subdivision (d) suspends the statute of limitations only for actions brought by the IRS. Indeed, the three cases cited by the majority all group § 7811(d) along with “legal provisions scattered within the IRC [that] provide for the suspension of the ten (10) year collection process.” [14] Other cases are in accord.[15] *718 The majority also acknowledges that the only case somewhat on point — Demes v. United States — concludes that a plaintiff cannot use § 7811 to toll the statute of limitations.[16] There is no reason to reach a different result here.[17]
B.
Any suggestion that this analysis turns subdivision (d) into a trap for the unwary is misplaced. IRS Form 911 — which a taxpayer must complete to apply for TAS assistance' — contains the following bolded note: “The signing of this request allows the IRS by law to suspend any applicable statutory periods of limitation relating to the assessment or collection of taxes. However, it does not suspend any applicable periods for you to perform acts related to assessment or collection, such as petitioning the Tax Court for redetermination of a deficiency or requesting a Collection Due Process hearing.”[18] Rothkamm provides no explanation for why she ignored this warning. There is also no- reason to suspect that the TAS review process is designed to lull taxpayers into forfeiting their remedies against the IRS. The statutory function of TAS is to “assist taxpayers in resolving problems with the Internal Revenue Service.”[19] On its website, TAS bills itself as “your voice at the IRS,” and informs visitors that “TAS is here to protect your rights as a taxpayer, and help you with tax problems you can’t resolve on your own.”[20] And twice a year, TAS submits reports to Congress full of scathing criticism of the IRS and suggestions for how the IRS could improve.[21] This is an agency that seeks to help taxpayers and apprise them of their rights, not trick them.[22]
*719 Rothkamm also overstates the practical hardship of simultaneously pursuing other remedies while seeking a TAO. Before taking the step of filing suit in federal court, a taxpayer like Rothkamm may submit an administrative request to the IRS for the return of any wrongfully levied property.[23] This is not an onerous process; the taxpayer must submit a written request with the same information that she likely has already provided to TAS: (1) her name and address; (2) a description of the levied property; (3) a description of her basis for claiming an interest in the levied property; (4) the name and address of the person against whom the tax was assessed; (5) the IRS office that issued the levy; and (6) the date of levy.[24] The compilation of this basic information — which again, has likely already been compiled for TAS — is not the type of “hardship” that Congress created TAS to assuage.[25] Moreover, Rothkamm did not even have to assume this minimal burden in this case. After TAS closed her application for assistance in October 2012, Rothkamm still had two months to file an administrative request with the IRS before the period of limitation expired.[26] She has never explained why she waited until May 2013 to seek relief.
c.
The majority’s efforts to save Roth-kamm from her unexplained oversight may ultimately have a serious impact on the IRS’s ability to collect on unpaid tax liabilities. As the Supreme Court has recognized, “[t]he demand ■ for greater haste when a third party contests a levy is no accident.”[27] To the contrary, 26 U.S.C. § 7426(a)(1) has a short statute of limitations for an “obvious” reason: once “someone else successfully claims property already credited against the taxpayer’s tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer’s liability.”[28] If these collateral disputes are not resolved swiftly, it is unlikely that there will be any other assets to levy.[29] In EC Term of Years Trust, the Supreme Court relied on this reasoning in holding that taxpayers may not use the general tax-refund statute — which has a four-year statute of limitation — to challenge a wrongful levy.[30] The Court concluded that a holding to the contrary would have fatally undermined “the levy statute’s 9-month limitations period thought essential to the Government’s tax collection.”[31] Yet the majority’s interpretation of § 7811 ignores these concerns— and effectively extends the “9-month limi *720 tations period thought essential to the Government’s tax collection.”
The majority’s interpretation may also hurt more taxpayers than it helps. “The tax code is an intricate web and demands clear rules so that it may be administered with as little uncertainty as possible.”[32] The majority’s holding, however, replaces the clarity of 26 U.S.C. § 6532(c) with a new tolling rule that stops and starts the nine-month period of limitation at indefinite dates. This new system may prove confusing to taxpayers looking to calculate deadlines ahead of time. Taxpayers who wait several months to file a request for TAS assistance, for instance, may have no warning until TAS actually denies their claim that they need to move quickly to preserve their rights. There is also little indication that the current system is not working. If a taxpayer wants to challenge an IRS levy on the merits without the full expense and effort of a federal suit, she can avail herself of what the Supreme Court has called “an effective and inexpensive” remedy — an administrative request for' the return of the property.[33] The TAS review process may be inexpensive and most effective in correcting clerical errors, such as misdescriptions of property. It is not an avenue for resolution of legal issues. Indeed, by law, TAS cannot “make a substantive determination of any tax liability.” It thus lacks the ability to help taxpayers like Rothkamm who raise complex legal questions.[34] Perhaps this is why no court has found such a tolling as has been created here and there are only one or two reported cases in which a taxpayer has tried to invoke § 7811(d) as a basis for tolling — even though TAOs have been available since 1989.[35] Our court should be wary of disrupting Congress’s comprehensive and functional scheme for resolving wrongful levy claims to save one taxpayer.
III.
But even if my construction of § 7811(d) is wrong, that does not change the outcome in this case. “A statute of limitation's requiring that a suit against the Government be brought within a certain period of time” — like § 7811(d) — represents a waiver of sovereign immunity.[36] “When waiving the Government’s sovereign immunity, Congress must speak unequivocally.” [37] This means that “[a]ny ambiguities in the statutory language are to be construed in favor of immunity, so that the Government’s consent to be sued is never enlarged beyond what a fair reading of the text requires. Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money *721 damages against the Government.”[38] Our court has held that the plaintiff bears the burden of showing that no such plausible interpretation exists.[39]
Rothkamm cannot meet this burden. At the very least, there is a “plausible interpretation” of § 7811(d) “that would not authorize money damages against the Government.” The majority points to the Supreme Court’s statement in Cooper that it has never required Congress to “state its intent in any particular way” or “use magic words” to waive sovereign immunity.[40] But this statement only iterates the unremarkable proposition that Congress need not use the language “this statute waives the Government’s sovereign immunity” to effectuate a waiver. This acknowledgment did not dilute the insistence upon “an unmistakable statutory expression of congressional intent to waive the Government’s immunity”[41] — indeed the Supreme Court upheld the immunity of the Government in Cooper on the basis of this very rule.[42]
Any ambiguity in § 7811(d) also creates another problem for Rothkamm. Under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., we defer to an agency’s “permissible construction” of an ambiguous statute.[43] That is, if an agency issues a regulation interpreting an ambiguous provision of a statute, we defer to the agency’s regulation as long as it represents a “permissible construction.” “An agency’s interpretation is permissible if it is reasonable. The question of reasonableness is not whether the agency’s interpretation is the only possible interpretation or whether it is the most reasonable, merely whether it is reasonable vel non.”[44]
As noted by the majority, the IRS has issued a regulation that addresses the interpretation of § 7811(d).[45] This regulation states that “[a] taxpayer’s right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer’s seeking assistance from TAS.”[46] Though this provision does not use the word “tolling,” I disagree with the majority that it does not concern the issue before our court. By its terms, this provision prevents taxpayers from expanding their right to administrative or judicial review — such as by extending the period of limitation — through seeking TAS assistance. And contrary to the majority’s suggestion, this correct statement of the law is not contradicted by the examples provided in the subdivision directly addressing tolling. Though the majority reproduces these examples as support for its position, it fails to appreciate that all three concern the tolling of the IRS’s period of limitation on collection- — -and not one applies subdivision (d) to a taxpayer’s period of limitation.[47] Even assuming § 7811(d) *722 were ambiguous, we ought defer to the IRS’s reasonable construction of this provision.[48] I would do so.
IV.
For the reasons above, I respectfully dissent.

. 26 U.S.C. § 6532(c); see United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 735-36 (5th Cir.1980).

. Oxford Capital Corp. v. United States, 211 F.3d 280, 282-83 (5th Cir.2000) (per curiam) (citations omitted).

. Id.

. See 26 C.F.R. §' 301.6343-2(b).

. See 26 U.S.C. § 7426(a)(1). The Supreme Court has held that a general tax-refund claim is not available. See EC Term of Years Trust v. United States, 550 U.S. 429, 433-36, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007).

. See Rothkamm v. United States, No. 3:13-cv-00589-BAJ-RLB, 2014 WL 4986884, at *1 (M.D.La. Sept. 15, 2014).

. See United Sand & Gravel Contractors, 624 F.2d at 735-36.

. 26 U.S.C. § 7811(d) (emphasis added).

. Little v. Shell Exploration & Prod. Co., 690 F.3d 282, 286 (5th Cir.2012) (citing Dep't of Revenue v. ACF Indus., Inc., 510 U.S. 332, 341-42, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994)).

. Though the majority limits its analysis to the language of § 7811, ”[t]his Court looks at the 'language of the statute as well as the design, object and policy in determining the plain meaning of a statute.’" United States ex rel. Babalola v. Sharma, 746 F.3d 157, 161 (5th Cir.2014) (quoting Hightower v. Tex. Hosp. Assn, 65 F.3d 443, 448 (5th Cir.1995)); see also King v. St. Vincent’s Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) ("[A] statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context.” (citation omitted)).

. 26 C.F.R. § 301.7811-1 (b).

. 26 U.S.C. § 7811(b).

. 2 H.R.Rep. No. 100-1104, at 215 (1988) (Conf.Rep.); see I.R.S. Litigation Bulletin 360 (Sept. 1990), 1990 WL 1086174 ("The legislative history identifies the limitations period in section 6501 (assessment and collection of tax) as a statute subject to the suspension. Thus, we believe that only those statutes of limitation that would continue to run to the detriment of the Service when an application for a TAO is filed, are subject to the suspension.”).

. United States v. Carinos Ambulance Serv., Inc., 654 F.Supp.2d 52, 59 (D.P.R.2009); see also In re Turner, 182 B.R. 317, 329 (Bankr. N.D.Ala.1995) ("All suspension provisions [including § 7811(d) ] are designed and intended to avoid prejudice to the IRS’s ability to collect during periods of time in which collection or assessment is prohibited by law [or otherwise impeded].”), adhered to on reconsideration, 195 B.R. 476 (Bankr.N.D.Ala.1996); In re Gore, 182 B.R. 293, 304 (Bankr.N.D.Ala.1995) (same).

. See, e.g., White v. Comm’r, 899 F.Supp. 767, 773 (D.Mass.1995) ("An application merely suspends the running of the period of limitations on collection.”); United States v. Johnson, No. 2:12-CV-00097, 2013 WL 1403973, at *1 (S.D.Tex. Apr. 5, 2013) ("[The period of limitation on assessment] is also suspended during the time that a taxpayer applies for and obtains a decision on a Taxpayer Assistance Order.”); Next Generation Wireless, Ltd. v. United States, No. 06-CV-838, 2008 WL 4115516 (S.D.Ohio Aug. 28, 2008) (considering only whether the application for a TAO extended the period of limitation for filing a wrongful levy claim under § 6532(c)(2) — and ignoring § 7811(d)); Scheafnocker v. Comm’r, 642 F.3d 428, 441 (3d Cir.2011) (per curiam) (Nygaard, J., concurring) (same), vacated on other grounds, No. 08-2655, 2012 WL 1854183 (3d Cir. Apr. 24, 2012).

. 52 Fed.Cl. 365, 373 (Fed.Cl.2002).

. The majority also cites two treatises as support for its position. Yet neither does anything more than beg the question by paraphrasing the language of § 7811(d).

. I.R.S. Form 911 (Feb.2015), http://www. irs.gov/pub/irs-pdl/f911.pdf (emphasis added).

. 26 U.S.C. § 7803(c)(2)(A)(i).

. See Taxpayer Advoc. Serv.; Your Voice at the IRS, http://www.taxpayeradvocate.irs.gov (last visited Sept. 15, 2015).

. See Reports to Congress, Taxpayer Advoc. Serv.: Your Voice at the IRS, http://www. taxpayeradvocate.irs.gov/reports (last visited Sept. 15, 2015); see also 26 U.S.C. § 7803(c)(2)(A)(ii)-(iv) (requiring TAS to "identify areas in which taxpayers have problems in dealings with the Internal Revenue Service” and “propose changes to the administrative practices of the Internal Revenue Service” and "identify potential legislative changes” to mitigate these problems).

. Notably, Rothkamm has not argued that TAS did not inform her about the period of limitation for filing a wrongful levy action. Cf, e.g., Scheafnocker v. Comm’r, 642 F.3d 428, 441 (3d Cir.2011) (per curiam) (Nygaard, J., concurring) ("[I]n the Taxpayer Advocate's denial of Scheafnocker’s original request for assistance, there was notice of her right to appeal to the District Court, along with a recitation of the statutes dictating the time-frame in which this appeal must be filed.”), vacated on other grounds, No. 08-2655, 2012 WL 1854183 (3d Cir. Apr. 24, 2012); Austin & Laurato, P.A. v. United States, No. 8:12-cv-1648-T-l7-AEP, 2012 WL 5907066, at *2 (M.D.Fla. Nov.26, 2012) ("[T]he Taxpayer Ad *719 vocate Service denied Plaintiffs’ requested assistance and directed them to file a lawsuit.”), aff'd, 539 Fed.Appx. 957 (11th Cir.2013).

. 26 U.S.C. § 6532(c)(2).

. I.R.S. Publication 4528 (Nov.2007), http:// www.irs.gov/pub/irs-pdf/p4528.pdf; see also 26 C.F.R. § 301.6343-2(b).

. 26 U.S.C. § 7811(a)(2).

. See Rothkamm v. United States, No. 3:13— cv-00589-BAJ-RLB, 2014 WL 4986884, at *1 (M.D.La. Sept. 15, 2014).

. EC Term of Years Trust v. United States, 550 U.S. 429, 431-32, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007).

. United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 739 (5th Cir.1980).

. See id.; see also Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 351 (3d Cir.2000) (“Were we to hold that section 6532(c) can be equitably tolled, we would delay the final disposition of competing claims in cases like this one and would jeopardize, perhaps even destroy, the IRS’s ability to impose a levy on other assets owned by a delinquent taxpayer.”).

. 550 U.S. at 433-36, 127 S.Ct. 1763.

. Id. at 434, 127 S.Ct. 1763.

. Sidell v. Comm'r, 225 F.3d 103, 111 (1st Cir.2000).

. United States v. Nat’l Bank of Commerce, 472 U.S. 713, 728, 105 S.Ct 2919, 86 L.Ed.2d 565 (1988); see also Raymond v. United States, 983 F.2d 63, 66 (6th Cir.1993) (agreeing that “the reason for extending the limita- ' tions period in cases where an administrative claim is filed is to give the Secretary ample opportunity to consider such a request on the merits before the matter comes before the courts”); cf. Baddour, Inc. v. United States, 802 F.2d 801, 808 (5th Cir.1986) (concluding that the two available avenues for challenging a wrongful levy make it unnecessary "[t]o open up an entirely new avenue of relief”).

. 26 C.F.R. § 301.7811-1 (b).

. Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, tit. VI, § 6230(d), 102 Stat. 3342, 3733-34.

. United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); see also Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) ("When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity.”).

. F.A.A. v. Cooper, - U.S. -, 132 S.Ct. 1441, 1453, 182 L.Ed.2d 497 (2012).

. Id. at 1448 (citations omitted); see also Freeman v. United States, 556 F.3d 326, 334-35 (5th Cir.2009).

. See Freeman, 556 F.3d at 334; St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 (5th Cir.2009).

. Cooper, 132 S.Ct. at 1448.

. Id.

. See id. at 1453.

. 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

. ConocoPhillips Co. v. U.S. E.P.A., 612 F.3d 822, 831 (5th Cir.2010).

. The Supreme Court has rejected the argument that tax regulations are entitled to less deference than other types of regulations. See Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. 44, 55-57, 131 S.Ct. 704, 178 L.Ed.2d 588 (2011).

. 26 C.F.R. § 301.781 l-l(b).

. Id. § 301.7811-l(e)(3); see I.R.S. Program Manager Tech. Adv. Mem.2007-429, at 4 (Mar. 9, 2001) (opining that the majority’s expansive "interpretation [of § 7811(d)] would be inconsistent with the statutory lan *722 guage and inconsistent with the examples provided in the regulation").

. The IRS has also adopted this construction of § 7811(d) in various publications that are entitled to Skidmore deference. See I.R.S. Manual 13.1.14.3 (Oct. 31, 2004) ("A signed Form 911 or written statement will suspend the running of limitations periods for assessment or collection of tax under IRC § 6501 and § 6502. A Form 911 or written statement will not however, suspend the period’of limitations for filing refund claims.”); I.R.S. Litigation Bulletin 360, supra; I.R.S. Form 911, supra; I.R.S. Program Manager Tech. Adv. Mem.2007-429, supra.