TARANTO, Circuit Judge,
dissenting in part.
I join the court’s opinion except for the analysis of whistleblower reprisal, centered on Part II.D.l. In that portion of its opinion, the court holds that the Merit Systems Protection Board, in exercising its undisputed authority to review Mr. Parkinson’s removal from his FBI position, see 5 U.S.C. §§ 7512, 7701, must adjudicate in particular Mr. Parkinson’s claim that the removal constituted whistleblower reprisal in violation of 5 U.S.C. § 2303. I would hold, in agreement with the Board, that the Board may not decide that issue in deciding Mr. Parkinson’s challenge to his removal.
It is plain under the statute that the prohibitions on whistleblower reprisal codified in 5 U.S.C. § 2302(b)(8) do not apply to the FBI: Congress expressly carved the FBI out of the definition of “agency” governing § 2302(b)’s coverage. 5 U.S.C. § 2302(a)(2)(A), (C). The FBI’s reprisal against an employee for whistleblowing is addressed by a separate provision, § 2303, which provides more limited protection than § 2302(b) — protecting from reprisal only whistleblower disclosures made “to the Attorney General” (or her designee), not disclosures made to outsiders. § 2303(a). With § 2302(b)(8) inapplicable, Mr. Parkinson’s whistleblower-reprisal contention is necessarily a contention that the FBI violated § 2303, as Mr. Parkinson made explicit in his Petition for Review to the Board. J.A. 964.
To seek relief from the Board based on § 2303 — for what is undisputedly an adverse action (removal) within the Board’s review authority, 5 U.S.C. § 7512 — Mr. Parkinson invokes 5 U.S.C. § 7701(c)(2).. In relevant part, that provision instructs the Board that “the agency’s decision may not be sustained if the employee or applicant for employment ... (B) shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title; or (Q- shows that the decision was not in accordance with law.” Mr. Parkinson cannot invoke (B), but he invokes (C). He argues that the FBI’s removal of him was a whistleblower reprisal forbidden by § 2303, hence “not in accordance with law,” requiring that his removal be set aside.
I would reject the contention that § 2303 violations come within the “not in accordance with law” directive to the Board. I would read § 2303 as sufficiently embodying a determination by Congress, the President, and the Attorney General that § 2303 claims of FBI reprisal for whistleblower disclosures made to the Attorney General (the only disclosures protected by § 2303) are outside the Board’s jurisdiction and within the full and final control of the Attorney General. No provision so states expressly. But the limit on Board review of § 2303 issues seems to me a clear enough implication of the congressional and executive decisions that I would find § 7701(c)(2)(C) inapplicable under the principle that a sufficiently specific remedial regime can displace an otherwise-available general remedy whose application would impair policies evident in the specific remedial provisions. See, e.g., *778 United States v. Bormes, — U.S. -, 133 S.Ct. 12, 18, 184 L.Ed.2d 317 (2012); RadLAX Gateway Hotel, LLC v. Amalgamated Bank, — U.S. -, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012); Hinck v. United States, 550 U.S. 501, 507-08, 127 S.Ct. 2011, 167 L.Ed.2d 888 (2007); EC Term of Years Trust v. United States, 550 U.S. 429, 433-34, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007); Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 285, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); Brown v. Gen. Servs. Admin., 425 U.S. 820, 831-33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).
When Congress enacted the Civil Service Reform Act of 1978, Pub.L. No. 95-454, 92 Stat. 1111 (1978), it defined a series of “prohibited personnel practices” in § 2302, which included, in § 2302(b)(8), a bar on whistle-blower reprisal. See 92 Stat. at 1115-16. But Congress expressly made that provision inapplicable to the FBI. 92 Stat. at 1115. It enacted a separate section, § 2303, to protect against some whistleblower reprisals by the FBI. In subsection (a), Congress stated a limited reprisal rule to govern the FBI, protecting only disclosures made to the Attorney General or her designee, not disclosures made to anyone else. 92 Stat. at 1117-18. In subsection (b), Congress provided that the Attorney General should promulgate regulations to ensure compliance with the reprisal bar. And in subsection (c), Congress declared that “[t]he President shall provide for the enforcement of this section in a manner consistent with the provisions of section 1206 of this title.” 92 Stat. at 1117-18.
The referred-to section 1206 was the 1978 Act’s provision defining the authority and duty of the Board’s Special Counsel to investigate prohibited personnel practices. See 92 Stat. at 1125-30. Neither that provision nor others provided employees a general right to seek Board review of whistleblower reprisal. But 5 U.S.C. § 7701(c)(2) was part of the 1978 Act, see 92 Stat. at 1138, and that provision authorized the Board to hear (and the Board did hear) whistleblower-reprisal and other prohibited-personnel-action challenges asserted by employees who had been subjected to otherwise-appealable adverse actions such as removals, with the Board’s decisions then subject to judicial review. See Knollenberg v. MSPB, 953 F.2d 623, 625 (Fed.Cir.1992); Hagmeyer v. Dep’t of Treasury, 757 F.2d 1281, 1283-84 (Fed.Cir.1985); Sullivan v. Dep’t of Navy, 720 F.2d 1266, 1275 (Fed.Cir.1983).
In particular, as already noted, Congress separately directed the Board not to sustain an agency decision within its reviewing authority if the challenger “(B) shows that the decision was based on any prohibited personnel practice described in section 2302(b)” or “(C) shows that the decision was not in accordance with law.” 5 U.S.C. § 7701(c)(2). It is conspicuous that Congress, having carved the FBI out of § 2302(b) and adopted § 2303 as a limited FBI-specific counterpart, chose not to include § 2303 in the provision of § 7701(c)(2) specifically addressing prohibited personnel practices, despite the overlap of whistleblower-reprisal subject matter. That omission on its face tends to suggest that Congress was excluding FBI whistleblower reprisal from Board review, notwithstanding the catchall “not in accordance with law” language.
In 1989, Congress enacted the Whistle-blower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (1989).' That Act strengthened the general whistleblower protections of § 2302(b)(8). Among other things, the 1989 Act created a new Office of Special Counsel (OSC) with various powers, see 5 U.S.C. §§ 1211-19; 103 Stat. *779 at 19-29, and it also specifically provided a new Individual Right of Action, see 5 U.S.C. §§ 1214(a)(3), 1221, by which an employee, applicant, or former employee may bring to the Board whistleblower claims covered by § 2302(b)(8), see 103 Stat. at 24, 29-31. Those provisions replaced the former 5 U.S.C. § 1206, which now provides for certain annual reports. See 103 Stat. at 18-19. The 1989 Act made only one change in the limited FBI-specific whistleblower-reprisal provision, § 2303. It changed subsection (c)’s reference to “the provisions of section 1206” so that the provision now directs the President to provide for enforcement in a manner consistent with “applicable provisions of sections 1214 and 1221.” See 103 Stat. at 34.
In 1997, the President formally delegated to the Attorney General his responsibilities under § 2303(c) to establish means for enforcing the limited reprisal protection of § 2303(a). Memorandum, Delegation of Responsibilities Concerning FBI Employees Under the Civil Service Reform Act of 1978, 62 Fed. Reg. 23,123 (Apr. 14, 1997). The President directed the Attorney General “to establish appropriate processes within the Department of Justice to carry out these functions.” Id. (emphasis added).
The Attorney General, after adopting an interim rule in 1998, adopted a final rule to govern § 2303 in November 1999. 64 Fed. Reg. 58,782, 58,786-88 (Nov. 1, 1999) (adopting 28 C.F.R. §§ 27.1-27.6). Like the interim rule, the final rule establishes the Office of Professional Responsibility (OPR) and the Office of Inspector General (OIG) as investigative authorities (each labeled a “Conducting Office”), and it designates the Director of the Office of Attorney Personnel Management (Director) to “decide whistleblower reprisal claims presented to her by OPR or OIG.” Id. at 58,783. The Attorney General explained that “the roles and functions of the Conducting Office and the Director are thus analogous to those of the OSC and MSPB, respectively, in whistleblower cases involving federal employees generally.” Id.
She then explained a crucial difference — the retention of internal Department control of § 2303 matters. “One fundamental difference, however, between the two systems is that the procedures provided in the interim rule [not changed in the final rule in this respect] are entirely internal to the Department.” Id. She cited in support of that determination (a) the fact that the only protected disclosures are certain disclosures within the Department, (b) the President’s 1997 directive to establish processes within the Department, and (c) legislative history to the effect that “ ‘appeals would not be to the outside but to the Attorney General.’” Id. (quoting 124 Cong. Rec. 28,770 (1978) (pre-Conference statement of Representative Udall, who came to chair the Conference Committee on the Civil Service Reform Act in 1978)). The Attorney General reiterated the point in rejecting a comment suggesting that the statute required “entities external to and independent of the Department” to carry out the § 2303 roles. Id. at 57,785. “If Congress had wanted to provide FBI employees with fora outside the Department to address their whistleblower reprisal claims, it could have included them in the OSC/MSPB scheme. The fact that Congress did not do so, see 5 U.S.C. 2302(a)(2)(C)(ii), strongly suggests that Congress, in enacting section 2303, did not envision the creation of external entities to perform the OSC/MSPB functions.” 64 Fed. Reg. at 58,785-86.
Rounding out the relevant legal materials is what the Conference Committee said in explaining the conference bill that was adopted as the Civil Service Reform Act in *780 1978. The Conference Committee explained:
The conference substitute excludes the FBI from coverage of the prohibited personnel practices, except that matters pertaining to protection against reprisals for disclosure of certain information described in section 2302(b)(8) would be processed under special procedures similar' to those provided in the House bill. The President, rather than the Special Counsel and the Merit Board, would have responsibility for enforcing this provision with respect to the FBI under section 2303.
S.Rep. No. 95-1272, at 128 (1978). The Conference Committee’s language is not limited to the special § 1206 enforcement route. The 1978 Act being addressed by the Conference Committee included 5 U.S.C. § 7701(c)(2)’s directive to the Board not to sustain removals and other adverse actions that were “not in accordance with law.”
Based on the pertinent statutory provisions, their evolution, their legislative history, and the actions of the President and Attorney General under the delegated implementation authority, I would conclude that the Board is not to adjudicate claims that the FBI engaged in whistleblower reprisal proscribed by § 2303(a). To apply § 7701(c)(2)(C)’s general, catchall “not in accordance with law” provision would be to impair the determination — strongly suggested by the congressional actions and statements, and made explicit by the President and the Attorney General — that resolution of such issues should be confined to the Department of Justice, which is the only recipient of disclosures protected from reprisal in the first place. The statutory materials provide substantial support for that conclusion, and given the implementation-authority grants of § 2303(b) & (c), it seems to me that the determination to that effect by the President and the Attorney General, made after the 1989 amendments, is owed deference as a formal exercise of expressly delegated authority.
Because this is an issue-specific exclusion from Board authority, I do not see why it matters that Mr. Parkinson is eligible to bring his removal to the Board for adjudication of other challenges under 5 U.S.C. §§ 7512-7513, 7701. And I do not see why it should make a difference that Mr. Parkinson is raising the issue of whis-tleblower reprisal as an affirmative defense to his removal (he has the burden of persuasion), in a proceeding in which the FBI has the burden of affirmatively justifying the removal under 5 U.S.C. § 7701(c)(1)(B). That posture does not eliminate either a general concern about outside-the-Department interference in FBI whistleblower-reprisal matters or a specific concern about the potential leaking of sensitive law-enforcement or intelligence information. Van Lancker v. Dep’t of Justice, 119 M.S.P.R. 514, 519 (2013). The reasons for excluding the Board from ruling on the issue do not depend on the procedural posture before the Board.
For those reasons, I respectfully dissent from the holding that Mr. Parkinson may pursue his whistleblower-reprisal claim.