14-3267-cv
*Mottahedeh v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2014

(Argued: June 16, 2015          Decided: July 28, 2015)

No. 14-3267-cv

———————————————————

ANGELA LAVI MOTTAHEDEH, as Trustee of the Trust Agreement dated November 8, 1993,
*Plaintiff-Appellant*,

-v.-

UNITED STATES OF AMERICA,
*Defendant-Appellee*.

———————————————————

Before:     CALABRESI, STRAUB, and LIVINGSTON, *Circuit Judges*.

Appeal from an order of the United States District Court for the Eastern District of New York (Hurley, *J.*). Appellant filed a complaint against the United States pursuant to 26 U.S.C. § 7426 seeking compensation for an alleged wrongful levy. The district court granted appellee's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because appellant's claim was not filed until after the expiration of the nine-month statute of limitations for such wrongful levy claims set forth in 26 U.S.C. § 6532(c). The district court rejected appellant's arguments that her complaint was rendered timely (1) because she had previously filed a timely action in response to a prior notice of levy pertaining to the same property, and (2) because the property in question was

never sold.  The district court also denied appellant's request to equitably toll the statute of limitations period for her claim, and denied appellant's motion for leave to amend her complaint in order to add a claim requesting a tax refund pursuant to 28 U.S.C. § 1346(a).  For the reasons set forth below, we AFFIRM.

MICHAEL LEVINE, Levine & Associates, P.C., Scarsdale, NY, *for Plaintiff-Appellant*.

ANTHONY T. SHEEHAN, (Joan I. Oppenheimer, *on the brief*), *for* Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Washington, DC, *for Defendant-Appellee*.

DEBRA ANN LIVINGSTON, *Circuit Judge*:

On July 23, 2012, Appellant Angela Lavi Mottahedeh, acting in her capacity as trustee of an irrevocable trust (the "Trust"), filed a complaint against the United States pursuant to 26 U.S.C. § 7426, seeking a judgment of $2,915,000 in compensation for an alleged wrongful levy by the Internal Revenue Service ("IRS").  The Government filed a motion to dismiss Appellant's July 2012 complaint, which the district court (Hurley, *J.*) granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

The district court held that it was without jurisdiction to review Appellant's claim because she filed it more than nine months after the IRS served her with the relevant notice of levy.  *Mottahedeh v. United States*, 33 F. Supp. 3d

210, 213-15 (E.D.N.Y. 2014); *see* 26 U.S.C. § 6532(c)(1) ("[N]o suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action."). The district court denied Appellant's motion for leave to amend her complaint to add a claim for a tax refund pursuant to 28 U.S.C. § 1346, reasoning that such claims are unavailable to plaintiffs who could have brought a claim under § 7426 but for the expiration of the statute of limitations. We agree that Appellant's § 7426 claim was time barred and that Appellant could not have brought a claim under § 1346.

## BACKGROUND

**A. Facts**[1]

In 1993, Parviz Lavi ("Lavi") created the Trust for the benefit of his daughter, Angela Lavi Mottahedeh, and her two brothers, Edmund and Edward Lavi. Mottahedeh was appointed trustee. In 1998, Lavi conveyed to the Trust 19 shares of stock in Old Cedar Development Corporation (the "Old Cedar Stock"). Prior to that conveyance, the IRS had served Lavi and his wife with a notice of

---

[1] The facts presented here are drawn from Appellant's complaint and from undisputed facts contained in materials attached to the parties' memoranda of law submitted to the district court. The district court did not make any findings regarding disputed facts and instead based its conclusions solely on the facts set forth in Appellant's complaint and on undisputed facts contained in the other materials submitted by the parties. *See Mottahedeh*, 33 F. Supp. 3d at 211.

3

deficiency alleging income tax deficiencies for the tax years 1979 and 1980, as well as an audit statement showing unpaid tax liability for the years 1979 through 1982. In August 1998, the IRS obtained a tax court judgment against Lavi for the amounts he and his wife owed for the tax years 1979 and 1980. In addition, in 2003, the IRS filed a notice of federal tax lien asserting a lien on any property owned by Lavi in order to secure an amount Lavi allegedly owed for unpaid 1978 taxes.

On February 11, 2009, the IRS served Appellant with a notice of levy and a notice of seizure of the Old Cedar Stock, in connection with Lavi's alleged 1978 tax liability. Subsequently, on August 19, 2009, the IRS sent a letter to Appellant's counsel stating that the IRS had obtained possession of the Old Cedar Stock and was planning to sell it. Shortly thereafter, on August 27, 2009, Appellant filed a wrongful levy claim in the United States District Court for the Eastern District of New York pursuant to 26 U.S.C. § 7426, asserting that the February 2009 Notice of Levy was wrongful because the Old Cedar Stock no longer belonged to Lavi. Appellant sought an injunction blocking the sale of the Old Cedar Stock, a judgment that the Old Cedar Stock belonged to her as trustee,

and the return of the stock. In September 2009, after the district court denied her motion for a preliminary injunction, Appellant voluntarily dismissed that suit.

Later, in October 2009, the IRS served Appellant with a new notice of levy and notice of seizure of the Old Cedar Stock. Unlike the prior notice of levy, this October 2009 Notice of Levy was filed in connection with the judgment obtained against Lavi for an income tax deficiency from 1979 and 1980. Soon after issuing the October 2009 Notice of Levy and Notice of Seizure, the IRS notified the Old Cedar Development Company that it had "officially seized" the certificate for the Old Cedar Stock. J.A. 228. On July 28, 2010, Appellant elected to pay the alleged tax liability under protest. Nonetheless, on September 2, 2010, the IRS issued a notice of public auction sale and threatened to conduct a sale of the Old Cedar Stock on September 29, 2010. However, no sale of the Old Cedar Stock ever occurred.

**B. Procedural History**

On July 23, 2012, nearly three years after the October 2009 Notice of Levy, Appellant filed a complaint under 26 U.S.C. § 7426 seeking a judgment of $2,915,000 in compensation for the amount allegedly paid in response to the IRS's "wrongful levy and threatened sale" of the Old Cedar Stock. J.A. 216. The

5

Government moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), arguing that Appellant's § 7426 action was untimely pursuant to 26 U.S.C. § 6532(c) because it had been brought more than nine months after the October 2009 Notice of Levy. Appellant disagreed, and also requested leave to add a claim pursuant to 28 U.S.C. § 1346(a)(1), which permits civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority . . . under the internal-revenue laws." The district court denied Appellant's request for leave to amend her complaint, and granted the Government's motion to dismiss pursuant to Rule 12(b)(1). *Mottahedeh*, 33 F. Supp. 3d at 212 n.1, 213-15 (E.D.N.Y. 2014).

## DISCUSSION

Citing 26 U.S.C. § 6532(c), the Government argues that its waiver of sovereign immunity permitting a wrongful levy suit to be filed under 26 U.S.C. § 7426 is conditioned on such a suit being brought within nine months of the date on which the pertinent notice of levy is filed. Section 6532(c)(1) provides in relevant part that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy . . . giving rise to such

6

action." The Government asserts that Appellant's suit, which was not brought until more than two years after the October 2009 Notice of Levy was filed, is therefore time barred.

Appellant makes four arguments in response. First, she asserts that because she previously commenced in a timely fashion a § 7426 action in response to the February 2009 Notice of Levy, which pertained to the same property as the October 2009 Notice of Levy, she satisfied the statute of limitations requirement set forth in 26 U.S.C. § 6532(c) so that her July 2012 action was timely. Second, she contends that because the Government never actually sold the Old Cedar Stock, no "levy" triggering the start of the nine-month period provided for by 26 U.S.C. § 6532(c) actually occurred. Third, Appellant argues that the statute of limitations should be equitably tolled because the tax lien that the IRS filed in 2003 and the February 2009 Notice of Levy both asserted that Appellant was liable for considerably smaller amounts than the tax payment that the IRS sought in connection with the October 2009 levy. Fourth, she asserts that the district court should have permitted her to amend her complaint to assert an additional claim under 28 U.S.C. § 1346(a). We reject each of these arguments and conclude that the district court correctly

7

dismissed Appellant's present action for lack of subject matter jurisdiction and did not abuse its discretion in denying her motion for leave to amend.

* * *

"We review *de novo* a dismissal for lack of subject matter jurisdiction where," as here, "the trial court dismissed on the basis of the complaint alone or the complaint supplemented by undisputed facts from the record." *Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 252 (2d Cir. 1994). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

**A. Appellant's Prior Action Does Not Render Her Present Claim Timely**

Contrary to Appellant's assertions, the fact that she previously commenced a suit in response to a prior notice of levy pertaining to the same property does not render her present action timely. 26 U.S.C. § 6532(c)(1) provides that, except in the case of certain specific circumstances that do not exist here, "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." The actions

8

filed by Appellant in August 2009 and July 2012 are clearly two separate "suit[s] or proceeding[s]" that were prompted by different notices of levy. The complaint Appellant filed in August 2009 refers to the February 2009 Notice of Levy, while the complaint Appellant filed in July 2012 refers to the October 2009 Notice of Levy. Accordingly, the plain language of 26 U.S.C. § 6532(c)(1) forecloses her argument that the August 2009 suit rendered the July 2012 action timely.

**B. A "Levy" Occurred that Triggered the § 6532(c) Statute of Limitations Period**

Alternatively, Appellant contends that the statute of limitations period set forth in 26 U.S.C. § 6532(c) never commenced on the theory that because the Government never sold the Old Cedar Stock, no "levy" occurred at all. But this argument runs contrary to this Court's holding in *Williams v. United States* that "service of the notice of levy on the possessor of the property triggers the running of the statute of limitations for purposes of section 6532(c)." 947 F.2d 37, 39 (2d Cir. 1991). Appellant relies on the Supreme Court's statement in *EC Term of Years Trust v. United States* that "a levy . . . is a 'legally sanctioned seizure and sale of property.'" 550 U.S. 429, 431 (2007) (quoting Black's Law Dictionary 926 (8th ed. 2004)). The Court in *EC Term of Years Trust*, however, did not purport in

this sentence to define "levy" for purposes of 26 U.S.C. § 6532(c). That issue was not before the Court.

The text of 26 U.S.C. § 7426, moreover, makes clear that no sale need take place for a "levy" to have occurred within the meaning of § 7426 and § 6532(c). Section 7426(a)(1), for example, provides that an action may be brought "[i]f a levy has been made on property *or* property has been sold pursuant to a levy," indicating that a levy can occur even when the property is not sold. (Emphasis added). Further, it states that (1) "any person . . . who claims an interest in . . . such property" that "was wrongfully levied upon may bring a civil action against the United States," and (2) "[s]uch action may be brought *without regard to whether such property has been surrendered to or sold* by the Secretary." *Id.* (emphasis added). In addition, § 7426(b) authorizes certain forms of relief, such as an injunction prohibiting the sale of property, which would not make sense if a levy occurred *only* upon the property's sale. Because § 6532(c) provides the statute of limitations for suits brought pursuant to § 7426 and does not separately define "levy," there is no reason to believe that "levy" as used in § 6532(c) intends a meaning that is any different from the meaning of the term as used in § 7426. Thus, a property need not have been sold in order for a "levy" to have

10

occurred under § 6532(c), and the fact that the Government never sold the Old Cedar Stock does nothing to render Appellant's claim timely.

**C. Equitable Tolling Is Not Appropriate in This Case**

Appellant next argues that the statute of limitations should have been equitably tolled. This argument is unavailing. Even if the doctrine of equitable tolling could be appropriately invoked for Appellant's § 7426 claim—a question we need not address—Appellant has not pled facts that support her claim that this case warrants equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *quoted in A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011).

Here, Appellant has neither alleged that anything prevented her from commencing a timely suit in response to the October 2009 Notice of Levy, nor that she pursued her remedies diligently. She asserts that equitable tolling should apply because the lien the Government placed on the Old Cedar Stock in 2003 and the original February 2009 Notice of Levy both asserted that the Trust was liable for a smaller amount than the amount it was ultimately required to

11

pay in order to prevent the sale of the stock. But as Appellant herself acknowledges, both the 2003 lien and the February 2009 Notice of Levy pertained to Lavi's allegedly unpaid taxes from 1978, whereas the October 2009 Notice of Levy was filed in connection with a judgment obtained against Lavi for alleged deficiencies from 1979 and 1980. Any uncertainty as to the exact amount of Lavi's alleged tax liability, moreover, did nothing to prevent Appellant from bringing a claim in response to the October 2009 Notice of Levy. Yet Appellant, without explanation, waited until July 2012 to file her present claim. In the face of such unexplained inaction, she cannot now resort to equitable tolling.

**D. The District Court Did Not Abuse Its Discretion in Refusing to Allow Appellant to Amend Her Complaint**

Finally, citing *United States v. Williams*, 514 U.S. 527, 531 (1995), Appellant asserts that even if her § 7426 claim was time barred, the district court should have granted her leave to amend her complaint in order to include a claim for a tax refund pursuant to 28 U.S.C. § 1346. But while the Supreme Court held in *Williams* that a party who had paid taxes under protest on behalf of another individual was authorized to bring a claim pursuant to § 1346, the Supreme Court more recently clarified that *Williams* was premised "on the specific understanding that no other remedy, not even a timely claim under § 7426(a)(1),

12

was open to the plaintiff in that case." *EC Term of Years Trust*, 550 U.S. at 435. Where, as here, a plaintiff would have otherwise been able to file an action pursuant to § 7426(a)(1) but missed the deadline for filing such a claim, that plaintiff "may not bring the challenge as a tax-refund claim under § 1346(a)(1)." *Id.* at 436. Therefore, the district court did not abuse its discretion in denying Appellant leave to amend her complaint in order to add a § 1346 claim.

## CONCLUSION

We have considered Appellant's remaining arguments and we find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.