16-3294-cv
Reches v. Morgan Stanley

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

**PRESENT:**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges*,

---

**Benjamin Reches,**

> *Plaintiff-Appellant*,

> v.                                                   No. 16-3294-cv

**Morgan Stanley & Co. Incorporated,**

> *Defendant-Appellee.*

---

**FOR APPELLANT:**          BENNETT SUSSER (Alissa Pyrich, *on the brief*), Jardim Meisner & Susser, P.C., Florham Park, NJ.

**FOR APPELLEE:**          ROBERT N. HOLTZMAN (Laura Milano, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, NY.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Benjamin Reches challenges the district court's decisions granting Defendant-appellee Morgan Stanley's motion to dismiss certain of his claims and denying him limited discovery. We assume the parties' familiarity with the procedural history of this matter, the underlying facts, and the issues on appeal.

We review de novo the district court's dismissal of the Plaintiff's claims, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Dekalb Cty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 400-01 (2d Cir. 2016) (quoting *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015)).

## I. Statute of Limitations

The district court did not err in dismissing as untimely the Plaintiff's claims of entitlement to pension and stock benefits. We affirm for substantially the reasons set forth in the district court's thorough and well-reasoned opinion, noting in particular only a few salient points.

First, the district court correctly determined that the Plaintiff's claims accrued when he learned that he was being classified as a leased employee or independent contractor, because that information constituted notice that the Defendant had repudiated the Plaintiff's eligibility for employee benefits, including pension and stock option benefits. *See Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999). The Plaintiff acknowledges that he was contemporaneously aware of his non-employee classification from 1985 to 1990 and again from 1997 to 2001. His complaint, filed in 2016, was thus well outside the six-year limitations period that applies to ERISA claims. *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009).

2

Second, the district court, extending to the pro se Plaintiff the "special solicitude" he was due, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), carefully considered an equitable tolling theory that the Plaintiff did not articulate coherently in his submissions. The district court did not err in rejecting this theory upon finding no "extraordinary circumstance," *see Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)), sufficient to justify the application of such a "drastic remedy," *see A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011).

Third, with respect to the Plaintiff's challenges to the propriety of the district court's *sua sponte* dismissal of the Plaintiff's claim for pension benefits in Count Two on timeliness grounds, we acknowledge that we have held that a *sua sponte* dismissal based on the statute of limitations is ordinarily not proper. *See, e.g.*, *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987) ("If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte*."). But we have also held that "district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers [a] plaintiff himself submitted.'" *Walters v. Indus. & Commercial Bank of China*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)). This case presents precisely such circumstances. All of the operative facts were set forth in the Complaint. Additionally, the substantially similar legal issue of the timeliness of the Plaintiff's claim for stock benefits in Count Four was fully briefed before the district court. In these circumstances, the district court committed no error in dismissing *sua sponte* on limitations grounds the Plaintiff's claim for pension benefits.

In sum, there was no error in any aspect of the district court's dismissal of the Plaintiff's claims for pension and stock benefits on timeliness grounds. We have considered all of the

3

Plaintiff's arguments to the contrary and find them without merit.

## II. Remaining Issues

Because we affirm the district court's dismissal of the matter on the basis of the statute of limitations, we need not reach the issue of whether the Plaintiff was required to exhaust any available administrative remedies. Similarly, we need not address the underlying substantive questions of whether the Plaintiff was in fact eligible for benefits under the plan when he was a leased employee or independent contractor. In other words, to the extent that the Plaintiff argues that he should have received benefits during those time periods despite his classification as a leased employee or independent contractor, that claim too is time-barred under the analysis above. Moreover, we need not consider whether the Settlement Agreement between the parties bars any of the Plaintiff's claims. Finally, because the dispositive statute of limitations question requires no consideration of any materials outside the four corners of the Complaint, we need not address the issue of whether it was proper for the district court to consider Plan documents in deciding the motion to dismiss.

For the reasons set forth herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4