*Reches v. Morgan Stanley & Co. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges,*
> JANE A. RESTANI,*
> *Judge.*

_____

Benjamin Reches,

> *Plaintiff-Appellant*,

> v.                                        No. 17-2874-cv

Morgan Stanley & Co. LLC,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:          BENJAMIN RECHES, *pro se*, Brooklyn, N.Y.

FOR DEFENDANT-APPELLEE:           ROBERT N. HOLTZMAN (Laura S. Milano *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, N.Y.

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court order denying reconsideration is **AFFIRMED**.

Appellant Benjamin Reches, *pro se*, sued his former employer, Morgan Stanley & Company, for violations of the Employee Retirement Income Security Act ("ERISA"). He alleged that Morgan Stanley misclassified his employment status, thereby denying him pension benefits, during two periods where he was a "1099" or "leased" employee of the company. The district court dismissed Reches's complaint as untimely. Reches twice moved for reconsideration, which the district court also denied. We affirmed both the judgment and denials of reconsideration. *See Reches v. Morgan Stanley & Co. Inc.*, 687 F. App'x 49 (2d Cir. 2017) (summary order). He repeatedly moved for reconsideration in the district court, and the district court again denied his motions. Reches now appeals from the latest denial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court decision granting or denying a Federal Rule of Civil Procedure 60(b) motion for abuse of discretion. *See Molchatsky v. United States*, 713 F.3d 159, 162–63 (2d Cir. 2013) (per curiam). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)).

The district court did not abuse its discretion. Reches's arguments about the statute of

limitations are barred by the law of the case doctrine, which "commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). Compelling reasons include "an intervening change in law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'" *Id.* at 99–100 (quoting *Quintieri*, 306 F.3d at 1230). Here, the district court ruled (and we affirmed) that Reches's claims were untimely. *Reches*, 687 F. App'x at 50–51. And we determined that it was not an error for the district court to have raised the statute of limitations issue *sua sponte*. *Id.* Further, because the statute of limitations issue was dispositive, Reches's arguments about the underlying merits, e.g., that a 2004 pension plan revealed that he was entitled to benefits as a leased or 1099 employee or that he did not need to exhaust administrative remedies, were not and need not have been decided. *Id.* at 51.

Reches offers no compelling reasons to revisit our prior decision. He argued in the district court that new evidence—the 2004 pension plan document—shows that his claims could not have accrued until 2016 (when he alleged he first saw this document). But this document is not new evidence; it was offered by Morgan Stanley as an exhibit to its motion to dismiss in April 2016, and Reches had the opportunity to raise this argument in his opposition to the motion to dismiss, which he filed in June 2016. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [reconsideration] . . . is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . . [And it] should not be granted where the moving party seeks solely to relitigate

3

an issue already decided.").   Further, the district court's decision on the statute of limitations issue was not based on a construction of the 2004 plan document but rather on when Reches was aware that he was not a "regular" Morgan Stanley employee.[1]   Therefore, the district court did not err by denying reconsideration because the 2004 plan would not have altered the district court's decision. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (to prevail on a motion for reconsideration based on new evidence, the movant must show "that it probably would have changed the outcome" (internal citation omitted)).

Reches additionally argues that Morgan Stanley misrepresented that he was an independent contractor at one time and a leased employee during another period and that the district court erroneously relied on these misrepresentations.   But the district court did not rely solely on Morgan Stanley's assertion that Reches was an independent contractor when it determined that Reches had notice that Morgan Stanley "did not classify [Reches] as its [regular] employee."   ROA doc. 25 at 5.   It relied on Reches's own allegations that he was a "direct bill 1099 employee" from 1988 to 1990 who "billed [Morgan Stanley] directly" and "a leased employee" of a third-party company from 1997 to 2001.   *Compare id. with* ROA doc. 1 at 7-9.   Thus, the district court did not clearly err by using the term "independent contractor" or "leased employee" to describe Reches's relationship with Morgan Stanley because it primarily relied on Reches's descriptions of his employment.

We have considered all of Reches's remaining arguments and find them to be without merit.

---

[1]  We use the term "regular" (as Reches does) to distinguish (1) Reches's employment with Morgan Stanley between 1990 and 1996 and from 2001 onwards from (2) his periods working as a 1099 employee from 1988 to 1990 and as a leased employee from 1997 to 2001.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5