19-239-cv
Bachand v. Saul

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

KEVIN DAVID BACHAND,

                     *Plaintiff-Appellant*,

                v.                                                       19-239-cv

ANDREW SAUL,[1] COMMISSIONER OF SOCIAL SECURITY,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:     John Serrano, West Hartford, CT.

Appearing for Appellee:     June Byun, Special Assistant United States Attorney (Ellen E. Sovern, Acting Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

_____

[1] Andrew Saul is automatically substituted as a party in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appeal from the United States District Court for the District of Connecticut (Dooley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Kevin David Bachand appeals from the November 26, 2018, judgment of the United States District Court for the District of Connecticut (Dooley, *J.*), dismissing as untimely his complaint requesting review of an Administrative Law Judge's denial of his applications for disability benefits and Supplemental Security Income. *Bachand v. Berryhill*, No. 3:17-cv-1323, 2018 WL 6053325, at *1 (D. Conn. Nov. 19, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Bachand concedes that his district court action was untimely under 42 U.S.C. § 405(g). Therefore, the only issue before this Court is whether the district court erred in declining to equitably toll the statute of limitations in Section 405(g). We review a district court's denial of equitable tolling in the Social Security Act context for abuse of discretion. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (internal quotation marks and citation omitted).

Bachand's first argument on appeal is that the extraordinary circumstance of government misconduct prevented him from timely filing his appeal. Specifically, Bachand argues that the government committed misconduct when the Appeals Council provided him with conflicting and ambiguous information regarding his appellate rights. We will toll a statute of limitations for government misconduct only "in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988). At best, Bachand's assertion that the Appeals Council engaged in misleading communications amounts to the identification of some ambiguous statements. We have previously declined to construe such unintentionally ambiguous statements as "affirmative misconduct on the government's part aimed at causing [a claimant] to forgo his legal rights." *Long v. Frank*, 22 F.3d 54, 59 (2d Cir. 1994). Bachand is not entitled to equitable tolling of the statute of limitations based on his allegations of government misconduct.

Bachand next argues that his attorney's errors constitute an exceptional circumstance that justifies equitable tolling. We disagree. The Supreme Court has held that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (internal quotation marks and citations omitted); *see also Torres*, 417 F.3d at 280 ("[T]he failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling."). Bachand exclusively argues that his attorney was confused about the deadline for filing a civil action. Bachand has therefore made a claim of "garden variety" neglect that does not justify equitable tolling. *Holland*, 560 U.S. at 651-52.

2

We have considered the remainder of Bachand's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk